Weng v. Holder

BIA
Vomacka, IJ
A098 456 250

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand fourteen.

PRESENT:
JOSÉ A. CABRANES,
DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges*.

_____

NUANYU WENG,
*Petitioner*,

v.                                    12-690
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:        Nuanyu Weng, *pro se*, Monterey Park, CA.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Derek C. Julius, Senior Litigation Counsel; Theo Nickerson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Nuanyu Weng, a native and citizen of China, seeks review of a February 9, 2012, decision of the BIA affirming the May 21, 2010, decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nuanyu Weng*, No. A098 456 250 (B.I.A. Feb. 9, 2012), *aff'g* No. A098 456 250 (Immig. Ct. N.Y. City May 21, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I. Asylum**

We dismiss the petition to the extent Weng challenges the pretermission of her asylum application as untimely. We

generally lack jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B),(a)(3). Although we retain jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), Weng challenges only the IJ's factual findings as to the credibility of her testimony regarding her arrival in the United States.

**II. Withholding of Removal and CAT Relief**

To the extent Weng challenges the agency's denial of withholding of removal and CAT relief on credibility grounds, we deny the petition. For applications such as Weng's, filed before the REAL ID Act of 2005, an agency's adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and any discrepancy must be "substantial" when measured against the record as a whole. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003). Substantial evidence supports the agency's adverse credibility determination given Weng's submission of fraudulent documents, inconsistencies in her statements, and the IJ's demeanor finding.

The agency reasonably based its adverse credibility determination on Weng's submission of fraudulent evidence. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner."). Even though the fraudulent evidence finding was sufficient, the agency's adverse credibility finding is further supported by the IJ's determination, to which we defer, that Weng's demeanor was hesitant. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 116-117 (2d Cir. 2007).

Moreover, the agency reasonably considered inconsistencies in Weng's testimony and documentary evidence regarding the timing of her departure from China and arrival in the United States, the reason her cousin was not present at her religious anniversary ceremony, and the date of that ceremony. *See Shu Wen Sun v. Bd. of Immigration Appeals*, 510 F.3d 377, 380 (2d Cir. 2007); *Tu Lin v. Gonzales*, 446 F.3d 395, 401-03 (2d Cir. 2006). Given the foregoing problems with Weng's testimony and evidence, substantial evidence supports the adverse credibility determination. *See Secaida-Rosales*, 331 F.3d at 307. Because the only

4

evidence of a threat to Weng's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

Nor has Weng established that her due process rights were violated by a deficiency in interpretation services. Weng was provided "a full and fair opportunity to present her claims" and identified only one alleged translation error which is unsupported given her subsequent concession that she misspoke. *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007); *see also Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming a denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process.").

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk